# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

DONNA VAUGHN, )
)
    Plaintiff, )
)
v. ) Case No. 2:10-cv-04092-NKL
)
C&R MARKET, and MARK THOMAS )
)
    Defendants. )
)
)

## ORDER

Before the Court is the Motion to Dismiss [Doc. # 25] filed by Defendants C&R Market and Mark Thomas. For the following reasons, the Court grants the motion.

## I. Background

Donna Vaughn is a pro se plaintiff claiming that Defendants fired her due to her race in violation of the Civil Rights Act of 1964, as amended ("Title VII"). [Doc. # 7 at 1.] On May 5, 2009, Vaughn filed a charge of discrimination with the Missouri Commission of Human Rights, alleging:

> I was employed by the Respondent on April 7, 2009 as a Deli Worker. I was in training for two weeks. On the third week, I was washing dishes, when the black employee training me told a customer that the Deli was closed. After the customer had left, I asked the trainer what the customer wanted. He said she wanted a slice of cheese. I noted that this customer had also spoken to a white employee at the Deli approximately five minutes before the black employee told her that we were closed. On April 4, 2009 the Manager terminated me and the other black employee. The Manager said I should have overridden that employee's decision and served the customer.
>
> I believe I was discharged due to my race, black because:

> (a) the white employee had spoken to the customer as well and was not terminated
> (b) I did not speak to this customer.

[Doc. # 7 at 5.]

On January 26, 2010, the U.S. Equal Employment Opportunity Commission ("EEOC") mailed a "Dismissal and Notice of Rights" to Vaughn, explaining that the "EEOC is closing its file on this charge" because it had "adopted the findings of the state or local fair employment practices agency that investigated this charge." [Doc. # 7 at 3.] The same letter notified Vaughn that she "may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**, or your right to sue based on this charge will be lost." *Id.* (emphasis in original). In other words, the deadline for Vaughn to file her lawsuit under Title VII was April 26, 2010. This lawsuit was filed on May 5, 2010.

On October 8, 2010, the Court entered the following Order:

> Plaintiff's response to Motion to Dismiss Case filed by defendants is due on or before October 22, 2010. No further extensions will be granted. If plaintiff fails to respond to the motion the case may be dismissed without further notice.

[Doc. # 30.] As of December 3, 2010, Plaintiff Vaughn still has not responded to Defendants' Motion to Dismiss.

## II. Discussion

A plaintiff must file a lawsuit within ninety days after receiving her right-to-sue letter or else her Title VII claims are time-barred. *See* 42 U.S.C. § 2000e-5(f)(1); *Battle v. Federal*

*Express Corp.*, 156 Fed. Appx. 877 (8th Cir. 2005); *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers*, 309 F.3d 1051, 1052 (8th Cir. 2002).

Here, Plaintiff Vaughn failed to file her Title VII claim before the April 26, 2010 deadline. Therefore, Vaughn's Title VII claim is dismissed as time-barred. The Court has no jurisdiction to hear her claim.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss [Doc. # 25] is GRANTED.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 4, 2010  
Jefferson City, Missouri